IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KOOL GAS, LLC**                                                                                    **PLAINTIFF**

**v.**                              **CASE NO. 3:21-CV-00107-BSM**

**NEXAIR, LLC,** *et al.*                                                                              **DEFENDANTS**

## ORDER

Defendants' motion for summary judgment [Doc. No. 54] is granted on all claims except the breach of contract claim.

## I.  BACKGROUND

In 2016, Kool Gas, LLC, a welding supply company, and Linde Gas North America, LLC, a provider of industrial gases, entered into a contract in which Kool Gas agreed to buy its gas products exclusively from Linde.  Gases Agreement, Mot. Summ. J. Ex. 1, Doc No. 54-4.  The contract provides that, except for Linde's invoice-based claims, "a Party must commence an action for breach of contract within one year after the action has occurred." *Id*. at ¶ 9(e).  The contract also provides that New Jersey law "governs all matters pertaining to the validity, construction, and effect of this agreement, without giving effect to any principles or rules of conflict of law that apply the laws of another jurisdiction."  *Id*. at ¶ 14(d).

After entering the contract, Kool Gas sent its gas cylinders to Linde for refilling and also rented cylinders from Linde to be filled.  Defs' Statement of Undisputed Material Facts ("SUMF") ¶ 2, Doc. No. 54-3.   Kool Gas then sold the gases to its customers.  *Id*. ¶ 19.

Linde picked up the last shipment of cylinders for refilling from Kool Gas in December 2019. *Id*. ¶ 9. On January 1, 2020, nexAir, LLC, acquired Linde's interest in the contract. *Id*. ¶ 6. Less than two weeks later, on January 10, 2020, nexAir terminated the contract and told Kool Gas it planned to pursue collection of an unpaid balance. Mot. Summ. J. Ex. 4, Doc No. 54-7. The parties dispute how many of Kool Gas's cylinders, if any, nexAir failed to return after the contract was terminated. Pl.'s Resp. to Defs' SUMF ¶ 11, Doc. No. 59.

Kool Gas sued Linde and nexAir on January 8, 2021. In its amended complaint, Kool Gas alleges negligence, breach of contract, conversion, unjust enrichment, promissory estoppel, violation of the Arkansas Deceptive Trade Practices Act (ADTPA), estoppel, and intentional and reckless conduct. Defendants filed a counterclaim, alleging breach of contract. Defendants move for summary judgment on all claims. Kool Gas did not move for summary judgment on the counterclaim.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the nonmoving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the nonmoving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d

641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Defendants' motion for summary is granted on all claims except the breach of contract claim involving the retention of cylinders.

In their reply, defendants argue summary judgment should be granted because Kool Gas failed to timely respond to their motion and, when it responded, it offered only conclusory statements in opposition. Reply in Supp. Mot. Summ. J., Doc. No. 60. Much of Kool Gas's response did not address the merits of defendants' arguments but asserted that those arguments had already been rejected when defendants' motion for judgment on the pleadings was denied. *See* Doc. No. 26. But the order denying the motion for judgment on the pleadings did not address its merits; rather, the order allowed Kool Gas to amend its complaint, rendering the motion moot. Kool Gas's failure to oppose a basis for summary judgment constitutes waiver of that argument. *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 540 (8th Cir. 2020). Defendants, however, must still show that there is no genuine dispute of material fact to be entitled to summary judgment.

A.   <u>Breach of Contract</u>

Summary judgment is denied on the breach of contract claim involving Kool Gas's gas cylinders because there is a genuine factual dispute about whether defendants retained the cylinders after the contract was terminated. Summary judgment is granted on the remaining contract claims.

As an initial matter, New Jersey law governs the contract claims. Gases Agreement ¶ 14(d). A federal court sitting in diversity applies the choice of law rules of the forum state. *Heating & Air Specialists, Inc. v. Jones*, 180 F.3d 923, 928 (8th Cir. 1999). Arkansas courts will enforce a contractual choice-of-law clause as long as the law selected is reasonably related to the contract at issue and does not violate a fundamental public policy of the state. *Nursing Home Consultants, Inc. v. Quantum Health Servs., Inc.*, 926 F. Supp. 835, 841 (E.D. Ark. 1996). New Jersey law is reasonably related to the contract because Linde's principal place of business was Murray Hill, New Jersey. Mot. Summ. J. Ex. 2, Doc No. 54-5. And applying New Jersey law would not violate a fundamental public policy of Arkansas.

Defendants are entitled to summary judgment on any breach of contract claims arising outside of the contractual limitations period. The contract has a one-year limitations period for suits alleging breach of contract, except for claims brought by Linde based on its invoices. Gases Agreement ¶ 9(e). Kool Gas did not address defendants' argument that the contractual limitations period applies except to erroneously argue that the issue has already been addressed. Kool Gas's argument is therefore waived. *Paskert*, 950 F.3d at 540. Kool Gas filed suit on January 8, 2021, meaning that any claims that accrued before January 8, 2020, are time-barred. But Kool Gas's claim that defendants breached the contract by failing to return its cylinders and its claim that nexAir breached the contract by terminating it when its account was paid in full are not time-barred because nexAir terminated the contract on January 10, 2020, and Kool Gas sued less than a year later.

Although the claim that nexAir wrongfully terminated the contract is not time-barred,

defendants are entitled to summary judgment on this claim because Kool Gas has not claimed damages resulting from the alleged breach apart from damages related to the unreturned cylinders. A breach of contract claim requires the plaintiff to prove damages resulting from the breach. *RNC Sys., Inc. v. Mod. Tech. Grp., Inc.*, 861 F. Supp. 2d 436, 444–45 (D.N.J. 2012). In its amended complaint, Kool Gas alleges that nexAir breached the contract by terminating it without cause, by terminating it when Kool Gas's account was paid in full, and by subsequently instituting a collections action. Amend. Compl. ¶¶ 19–22, Doc. No. 30. Kool Gas claims damages from unreturned cylinders, lost revenue from inability to rent those cylinders, and related travel and freight expenses, but does not claim damages resulting from the breach itself. Deposition of Joshua Golden Ex. 4, Doc. No. 54-10 at 11. At his deposition, Kool Gas's manager, Joshua Golden, could not quantify damages not related to the unreturned cylinders. *Id.* 67:23–68:25. Summary judgment is appropriate on the contract claims unrelated to the cylinders because Kool Gas has not presented a factual dispute as to whether damages resulted from the breach.

Summary judgment is denied on the claim that defendants failed to return Kool Gas's gas cylinders because there is a genuine factual dispute about whether defendants retained the cylinders—and if so, how many—after the contract was terminated. Defendants dispute retaining any of Kool Gas's cylinders. Br. Supp. Mot. Summ. J. 5, Doc. No. 54-1. In fact, they claim that Kool Gas wrongfully retained defendants' cylinders. Answer to Amend. Compl. and Counterclaim 10, Doc. No. 33. Kool Gas alleges that defendants failed to return 1,329 cylinders. Deposition of Joshua Golden Ex. 5, Doc. No. 54-10 at 12. This factual

dispute precludes summary judgment.

B. <u>Negligence and Conversion</u>

Summary judgment is granted on the negligence and conversion claims because these claims—premised on defendants' failure to return or account for Kool Gas's gas cylinders—arise from the contract. "Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 280 (N.J. 2002). These independent duties include those imposed by law on physicians, lawyers, insurance brokers, and manufacturers, for example. *Id*. at 280–81. Kool Gas's negligence and conversion claims arise from defendants' obligations under the contract to return Kool Gas's gas cylinders, not from an independent duty.

C. <u>Unjust Enrichment and Promissory Estoppel</u>

Summary judgment is granted on the unjust enrichment and promissory estoppel claims because the contract governs the parties' business dealings. Unjust enrichment and promissory estoppel are quasi-contract theories that apply only in the absence of a contract. *See Smith v. Citimortgage, Inc.*, 2015 WL 12734793, at *7 (D.N.J. Dec. 22, 2015). Because a written contract exists between the parties governing the exchange of gas cylinders, quasi-contract theories of recovery are not applicable.

D. <u>Arkansas Deceptive Trade Practices Act (ADTPA)</u>

Summary judgment is granted on the ADTPA claim for two reasons. First, as discussed above, New Jersey law governs disputes arising out of the contract. Second, even

if the ADTPA did apply, it applies only to deceptive consumer-oriented acts or practices. *Apprentice Info. Sys., Inc. v. DataScout, LLC*, 2018 Ark. 149, at 5, 544 S.W.3d 536, 539. Linde supplied gases to Kool Gas, which sold the gases to consumers. The business dealings between Linde and Kool Gas do not involve any consumer-oriented acts or practices. Kool Gas alleges that Linde engaged in deceptive business dealings, but in the absence of a consumer-oriented act or practice, its ADTPA claim cannot survive.

      E.    <u>Intentional and Reckless Conduct and Estoppel</u>

Kool Gas's claims for intentional and reckless conduct and estoppel are dismissed because they are not separate causes of action.

      F.    <u>Damages</u>

Defendants are entitled to partial summary judgment on the amount of damages: $129,106.25. The contract provides that the amount of damages Kool Gas may recover "is limited to an amount equal to the payments made by [Kool Gas] to [defendants] under this agreement during the 12-month period ending on the date of the occurrence." Gases Agreement ¶ 9(d). Kool Gas waived any argument in opposition by failing to address the damages issue beyond stating that it had already been decided. *Paskert*, 960 F.3d at 540. Because the contract claim accrued on January 10, 2020—the date nexAir terminated the contract—damages are limited to the amount paid by Kool Gas in the preceding year, which is $129,106.25. Decl. of Chad Krantman, Mot. Summ. J. Ex. 10, Doc. No. 54-13.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted in

part and denied in part.  Kool Gas's claim for breach of contract involving the retention of cylinders survives.  Kool Gas's other claims are dismissed with prejudice.

    IT IS SO ORDERED this 7th day of June, 2024.

                                                     UNITED STATES DISTRICT JUDGE